Opinion filed June 16, 2011



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00219-CR

_____

## TOMAS LEVAR HILLIARD, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 19th District Court**

**McLennan County, Texas**

**Trial Court Cause No. 2007-2097-C1**

## M E M O R A N D U M   O P I N I O N

The jury convicted Tomas Levar Hilliard of five counts of aggravated sexual assault of a child and three counts of indecency with a child and, upon his plea of true to the enhancement allegations, assessed punishment at confinement for life and a fine of $10,000 for each count. The sentences are to run concurrently except for the sentence in Count VI, which is to run consecutively to the sentence in Count I. We affirm.

Appellant presents two issues for review. In the first issue, appellant asserts that the trial court erred in failing to grant his request for a "*Michaels*" hearing to determine whether the

victim's recollection was reliable or whether it had been affected or tainted by improper investigative procedures. *See State v. Michaels*, 642 A.2d 1372 (N.J. 1994). Texas courts have rejected *Michaels* and have declined to require trial courts to hold such a hearing. *Reyes v. State*, 274 S.W.3d 724, 732 (Tex. App.—San Antonio 2008, pet. ref'd); *Johnson v. State*, No. 10-03-00134-CR, 2004 WL 2567112, at *3 (Tex. App.—Waco Nov. 10, 2004, pet. ref'd) (mem. op., not designated for publication). We agree with the rationale of our sister courts and hold that the trial court did not err by refusing to hold a *Michaels* hearing. Appellant was free to cross-examine the victim and those who interviewed her to challenge the reliability of the victim's recollection and the propriety of the investigative procedures used. And, the jury was free to judge the credibility of the witnesses. Appellant's first issue is overruled.

In his second issue, appellant asserts that the trial court unduly limited his right to confront the witnesses by refusing to allow appellant to introduce evidence that the victim had made a false allegation of sexual misconduct against her cousin. Outside the presence of the jury, the victim denied making any such allegation against her cousin. Also outside the presence of the jury, the victim's cousin testified that the victim had falsely accused him of raping her.

Appellant relies on the Confrontation Clause of the Sixth Amendment to the United States Constitution, which guarantees an accused the right to confront the witnesses against him. The exclusion of evidence involving a prior false accusation of sexual activity, when offered – as it was in this case – to attack the victim's general credibility, does not violate the Confrontation Clause. *Hammer v. State*, 296 S.W.3d 555, 564-65 (Tex. Crim. App. 2009). The court in *Hammer* held that such evidence may be admissible if offered for some purpose, such as motive or bias, other than a propensity attack upon the witness's general character for truthfulness. *Id.* at 565. In this case, appellant offered the evidence to show that the victim "in the past has made a false accusation. . . . It allows the jury to consider the possibility that this particular accusation may be false." Appellant further stated that, if the jurors were to believe the victim's cousin, "then they could possibly believe that [the victim] has made another false outcry." The proffered testimony was not offered to show the victim's bias or motive but, rather, was offered to attack the victim's credibility by showing merely that she had made another allegation of sexual misconduct (which she denied making) and that the allegation was false. We hold that, pursuant to the rationale in *Hammer*, appellant's right of confrontation was not violated and that the trial

2

court did not err in refusing to allow the proffered testimony.  *See* TEX. R. EVID. 608(b); *Hammer*, 296 S.W.3d at 564-66.  The second issue is overruled.

The judgments of the trial court are affirmed.


JIM R. WRIGHT

CHIEF JUSTICE


June 16, 2011

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel[1] consists of:  Wright, C.J.,
McCall, J., and Hill, J.[2]

---

[1]Rick Strange, Justice, resigned effective April 17, 2011.  The justice position is vacant pending appointment of a successor by the governor.

[2]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.